# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HUGO C. ISRAEL,

    Petitioner,

vs.

GREGORY SMITH, et al.,

    Respondents.

Case No. 3:09-CV-00113-RCJ-(RAM)

**ORDER**

    Before the court are the first amended petition for writ of habeas corpus (#16), respondents' motion to dismiss (#22), petitioner's opposition (#28), and respondents' reply (#30). The court finds that this action is untimely, and the court grants the motion to dismiss (#22).

    Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Any time spent pursuing a properly-filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C.

§ 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Section 2244(d) is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace, 544 U.S. at 418). The petitioner effectively files a federal petition when he mails it to the court. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

Pursuant to a plea agreement in the Eighth Judicial District Court, petitioner was convicted of sexual assault upon a child under the age of sixteen (16) and first-degree kidnaping; the court entered its judgment on October 20, 2004. Ex. 23 (#17). Petitioner did not appeal, and the judgment of conviction became final on November 19, 2004. On October 18, 2005, petitioner filed in state district court a post-conviction habeas corpus petition. Ex. 26 (#17). The district court denied the petition on January 11, 2006. Ex. 33 (#17). Petitioner filed a notice of appeal more than two years later, on October 17, 2008. Ex. 36 (#17). The Nevada Supreme Court dismissed the appeal as untimely on November 19, 2008. Ex. 38 (#17). Remittitur issued on December 16, 2008. Ex. 40 (#17). Petitioner mailed his proper-person habeas corpus petition (#4) to this court on February 9, 2009.

The court agrees with respondents' argument regarding when the federal period of limitation was tolled pursuant to 28 U.S.C. § 2244(d)(2). Three hundred thirty-three (333) days passed between the finality of the judgment of conviction on November 19, 2004, and the filing of the state habeas corpus petition on October 18, 2005. The court does not agree with petitioner that the mailing of the state habeas corpus petition on October 13, 2005, tolled the federal period of limitation pursuant to 28 U.S.C. § 2244(d)(2).

> [A]n application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

Artuz v. Bennett, 531 U.S. 4, 8 (2000). In a footnote, the Supreme Court reserved the question whether exceptions to a timely filing requirement would keep a late application from being considered improperly filed pursuant to § 2244(d)(2). The Supreme Court later answered that question in the negative. Pace, 544 U.S. at 413. The Nevada Supreme Court has held that a post-conviction petition is not properly filed according to Nevada law when it is mailed, but when it is received by the court. Gonzales v. State, 53 P.3d 901, 903-04 (Nev. 2002). See also Koerner v. Grigas, 328 F.3d 1039, 1043 n.1 (9th Cir. 2003). Applying a prison mailbox rule to a Nevada state habeas corpus petition would mean that the court is tolling the period of limitation during time that the state petition in fact is not properly filed. On the other hand, the Court of Appeals for the Ninth Circuit has held that a mailbox rule applies to the tolling of the federal period of limitation while a state habeas corpus petition is pending. Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010); Smith v. Ratelle, 323 F.3d 813, 815 n.2 (9th Cir. 2003); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001). Other than Campbell, which simply cited to Smith, these opinions all pre-date Pace and its reaffirmation that, regardless of exceptions, a state habeas corpus petition is properly filed when it complies with the applicable state laws and rules. Furthermore, all of these cases involve California prisoners. Unlike Nevada, California observes a prison mailbox rule for its state habeas corpus petitions. See Silverbrand v. County of Los Angeles, 205 P.3d 1047 (Cal. 2009); In re Jordan, 840 P.2d 983 (Cal. 1992). The Ninth Circuit has applied the same rule to California state habeas corpus petitions that the California courts themselves apply. If this court were to apply a mailbox rule to Nevada state habeas corpus petitions, it could lead to some odd results, such as this court deeming a state habeas corpus petition timely and properly filed when the Nevada courts deem the same petition untimely and improperly filed.

Petitioner next argues that the period of limitation should have been tolled pursuant to § 2254(d)(2) until the Nevada Supreme Court issued its remittitur on December 16, 2008, following the dismissal of his appeal as untimely. He argues that the notice of the denial of his petition was sent only in English, which he does not understand and which the courts knew that he does not understand. First, nothing in the cited case law requires the state courts to send documents in languages other than English. Second, the Nevada Supreme Court held that the appeal was untimely, and that is the end of the matter for the question whether it was properly filed and eligible for statutory tolling. Pace, 544 U.S. at 414.

As respondents note, petitioner himself cites Evans v. Chavis, 546 U.S. 189, 197 (2006), which stated that only a timely appeal tolls the period of limitation. To the extent that Evans is applicable, it does not conflict with Pace. The statutory tolling ended with the expiration of petitioner's time to appeal the denial of his state habeas corpus petition, on February 11, 2006.

This action is untimely, even with statutory tolling. Three hundred thirty-three (333) days passed between the finality of the judgment of conviction and the filing of the state habeas corpus petition. One thousand one hundred four (1,104) days passed from the expiration of the time to appeal the denial of the state habeas corpus petition and the mailing of the proper-person petition (#4) in this action. A total of one thousand four hundred thirty-seven (1,437) days have passed, which well exceeds the one-year period of limitation.

Petitioner argues that he is unable to read, write, or speak in English, and that for long periods of time he was unable to obtain Spanish-language assistance to pursue post-conviction relief. "[A] non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the [Antiterrorism and Effective Death Penalty Act] time limitation, he was unable, <u>despite diligent efforts</u>, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." Mendoza v. Carey, 449 F.3d 1065, 1070 (9th Cir. 2006) (emphasis added).

Petitioner incorrectly assumes that equitable tolling acts as a quasi-statutory tolling, stopping the limitation clock in the same way that a properly filed post-conviction motion or petition stops the clock pursuant to 28 U.S.C. § 2244(d)(2). Under petitioner's method, he argues that he could not file a federal habeas corpus petition (1) between the finality of his judgment of conviction and the commencement of his first state habeas corpus petition, and (2) between the denial of his state habeas corpus petition and the filing of the untimely notice of appeal in the Nevada Supreme Court. Petitioner then combines those times that he argues are equitably tolled with the statutorily tolled time that his state habeas corpus petition was pending. Taking into account the court's determination that his state habeas corpus appeal was not properly filed and thus ineligible for statutory tolling, only 125 non-tolled days have passed between the finality of his judgment of conviction and the effective commencement of this action.

Equitable tolling does not work that way. "[T]he one-year statute of limitations for filing a habeas petition may be equitably tolled if 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.' The prisoner must show that the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).

> [T]he prisoner must show that the "extraordinary circumstances" were the but-for and proximate cause of his untimeliness. . . . It will normally be much more difficult for a prisoner to demonstrate causation where he encounters the "extraordinary circumstances" in the beginning or middle of the limitations period than where he encounters them at the end of limitations period. This is the case because, if the prisoner is diligently pursuing his habeas petition, the one-year limitations period will ordinarily give him ample opportunity to overcome such early obstacles.

Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001) (per curiam) (citations omitted). The Court of Appeals for the Ninth Circuit has not applied a stop-the-clock rule for equitable tolling of § 2244(d). Instead, it looks upon equitable tolling as an equitable concept. As noted in Allen, the petitioner must demonstrate causation as part of the requirement that he is pursuing his remedies diligently. See, e.g., Waldron-Ramsey v. Pacholke, 556 F.3d 1008 (9th Cir.), cert. denied, 130 S. Ct. 244 (2009); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005), amended by 447 F.3d 1165 (9th Cir. 2006); Spitsyn, 345 F.3d at 799. In Lott v. Mueller, 304 F.3d 918 (9th Cir. 2002), the court determined that equitable tolling might have been warranted, but it applied the same causation rule which it had adopted in Allen, and the court remanded for further argument on whether equitable tolling was warranted. 304 F.3d at 922-26.[1] Diligence requires a petitioner to file a petition as promptly as reasonably possible upon learning that the period of limitation had expired and upon the removal of the circumstances that prevented filing. A petitioner who delays filing a petition in federal court while pursuing motions and petitions in state court, assuming that the federal court will equitably toll the period of limitations, has demonstrated neither a circumstance that prevents timely filing nor diligence in pursuing his remedies. Waldron-Ramsey is instructive. The petitioner in that case argued that the period of limitation should have been equitably tolled because he did not have access to all of his legal records. The court of appeals held:

---

[1] Judge McKeown's argument for a stop-the-clock rule did not have majority support. 304 F.3d at 926-27 (McKeown, J, concurring in the judgment).

> Moreover, even if Waldron-Ramsey may have faced some difficulty developing his claims without constant possession of all of his records, he has not adequately explained why he filed 340 days after his AEDPA deadline. If diligent, he could have prepared a basic form habeas petition and filed it to satisfy the AEDPA deadline, <u>or at least could have filed it less than 340 days late assuming that some lateness could have been excused</u>.

556 F.3d at 1014 (emphasis added).

Even accepting petitioner's argument that he was unable to litigate before he filed his untimely notice of appeal on October 17, 2008, petitioner has not shown the diligence necessary for equitable tolling. His ability then to litigate in state court demonstrates that no extraordinary circumstance prevented him from filing a petition in this court. His recognition that his appeal was untimely and his argument that the Nevada Supreme Court nonetheless accept the appeal demonstrates that he knew that he had a problem with timeliness. He could not simply assume that the state court would deem the appeal to be properly filed, nor could he simply have assumed that the federal court would determine that equitable tolling is warranted. Such an assumption is the opposite of the diligence necessary for equitable tolling. Although he might not have exhausted all his available state-court remedies, he could simultaneously have filed a federal petition and asked this court to stay the proceedings while he completed his state-court proceedings. <u>Pace</u>, 544 U.S. at 416 (citing <u>Rhines v. Weber</u>, 544 U.S. 269 (2005)). Instead, petitioner waited while the untimely appeal worked its way through the state courts, and then he waited another couple of months before mailing the federal petition to this court.

Moreover, the court does not accept petitioner's argument that his illiteracy in English kept him from filing a federal petition in between the denial of his state habeas corpus petition and the filing of his untimely appeal. As the court has already emphasized, illiteracy in English is not enough to warrant equitable tolling; petitioner also needed to demonstrate his diligent efforts to obtain materials in Spanish or assistance in translating languages. See <u>Mendoza</u>, 449 F.3d at 1070. Other than alleging that he could not simply tell another inmate about the crimes for which he was convicted, out of fear of reprisal, petitioner does not demonstrate any diligence. The court does not know whether petitioner asked, and was rebuffed by, prison staff who might have translated state-court orders for him. The court does not know whether petitioner tried and failed to take classes in English in the four years that he was

in prison before filing his untimely notice of appeal. Finally, nothing stopped petitioner from sending an affidavit in Spanish to this court earlier than he did. Petitioner might not be able to translate Spanish into English, but the court can, which led to the court appointing counsel in this case.

Petitioner also argues that equitable tolling is warranted because he did not receive his case file from his public defender until March 25, 2008. Respondents correctly note that the absence of the file did not prevent him from filing his state habeas corpus petition, and thus it could not have been an extraordinary circumstance that prevented him from filing the federal petition. Furthermore, diligence would have required petitioner to file his federal petition soon after receiving his file, and not wait almost a year.

Reasonable jurists might find these conclusions to be debatable or wrong, and the court will issue a certificate of appealability on its determination that equitable tolling is not warranted.

Petitioner's argument that his actual innocence can excuse operation of the period of limitation is foreclosed by Lee v. Lampert, 610 F.3d 1125 (9th Cir. 2010). Reasonable jurists would not find this conclusion to be debatable or wrong, and the court will not issue a certificate of appealability on this issue.

Respondents also argue that all of the claims in the first amended petition (#16) are procedurally barred, that all of the claims in the first amended petition (#16) are unexhausted, and that ground 1 of the first amended petition (#16) does not relate back to the original, proper person petition (#4). The court will not address these arguments because it has determined that the action is untimely.

Petitioner has submitted a motion for leave to conduct discovery and for court order to obtain requested documents and evidence (#19). The motion relates to evidence that can support the petition on its merits, and the motion is moot because the court is dismissing this action as untimely.

IT IS THEREFORE ORDERED that petitioner's motion for leave to conduct discovery and for court order to obtain requested documents and evidence (#19) is **DENIED** as moot.

///
///
///
///

IT IS FURTHER ORDERED that respondents' motion to dismiss (#22) is **GRANTED**. This action is **DISMISSED** with prejudice as untimely. The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **GRANTED** on the court's determination that equitable tolling is not warranted.

Dated: This 26th day of October, 2010.

_____
ROBERT C. JONES
United States District Judge