# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HUGO ISRAEL CAHUEC,

    Petitioner,

vs.

GREGORY SMITH, et al.,

    Respondents.

Case No. 3:09-cv-00113-RCJ-RAM

**ORDER**

    The court dismissed this action as untimely, noting in part that a claim of actual innocence could not excuse the application of the statute of limitations. Order (#31). The court of appeals remanded this action for the court to consider petitioner's actual-innocence argument, in light of <u>Lee v. Lampert</u>, 653 F.3d 929 (9th Cir. 2011) (en banc). Also before the court is petitioner's second motion for leave to conduct discovery and for court order to obtain requested documents and evidence (#40), respondents' opposition (#42), and petitioner's reply (#43).

    The court can excuse the application of a procedural bar if a constitutional error in the criminal proceedings "resulted in the conviction of one who is actually innocent." <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995). Petitioner can present such a claim "if all the evidence, including new evidence, makes it 'more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" <u>Gandarela v. Johnson</u>, 286 F.3d 1080,

1086 (9th Cir. 2002) (quoting Schlup, 513 U.S. at 327). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). In a case involving a guilty plea, the evidence must show actual innocence of the charges dropped in exchange for the plea, as well as the charges to which the defendant pleaded guilty. Id. at 624.

Pursuant to a guilty plea, petitioner was convicted of sexual assault upon a child under the age of sixteen and first-degree kidnaping. Ex. 23 (#17). In exchange for his plea of guilty, the prosecution dropped a count of lewdness with a child under the age of 14. See Ex. 6 (#17) (original information).

In opposing the motion to dismiss, petitioner presents the declarations of Isabel and Cesar Mendoza. Ex. 45, 46 (#17). The Mendozas state that the victim's mother told them that the doctor who examined the victim said that there was no rape. The court agrees with respondents that these declarations are inadmissible double hearsay. See Nev. Rev. Stat. § 51.065. If petitioner had gone to trial, the jury never would have heard these testimonies from the Mendozas.

In his motion for discovery, petitioner asks the court to serve a subpoena on the medical providers who examined the victim or upon the Las Vegas Metropolitan Police Department for any records that relate to the examination. These records might show that petitioner did not sexually penetrate the victim with his finger, and sexual penetration is an element of sexual assault. See Nev. Rev. Stat. §§ 200.364(4), 200.366. However, that is not the end of the actual-innocence analysis. The victim testified at the preliminary hearing that petitioner had poked her in her crotch. Ex. 4, at 51-52 (#17). Petitioner stated that he had rubbed his hand across her crotch. He explained that he did that because he had hit her in the crotch accidentally with a piece of wood and was trying to soothe her. Ex. 11 (#17) (transcript of police interview attached to return to pre-trial writ of habeas corpus). At a hearing on a pre-trial habeas corpus petition, petitioner's counsel noted that such activity fit the definition of lewdness. Ex. 12, at 4 (#17). Lewdness with a child under the age of fourteen has an element of "intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of that child." Nev. Rev. Stat. § 201.230(1). Even if the records of the examination of the victim proved that there was no sexual penetration, those records would have nothing to show regarding whether petitioner rubbed his fingers across the victim's crotch. The

records also would have no bearing on what petitioner's intent was at the time. Consequently, the records of the examination would not make it more likely than not that no reasonable juror would find petitioner guilty of lewdness with a child under the age of fourteen, which is the charge that was dropped in the plea agreement. Furthermore, the records of the examination have no bearing on whether petitioner committed kidnaping. Because petitioner's argument for actual innocence does not address all the charges, it cannot be an excuse to the operation of the statute of limitations.

In his motion for discovery, petitioner also asks for a recording of the police interview of him. The court denies this request because it is irrelevant to the issue of actual innocence.

The Supreme Court of the United States is considering what a claim of actual innocence means for the statute of limitations. McQuiggin v. Perkins, No. 12-126. In case the decision of the Supreme Court affects this court's decision on the timeliness of the action, this court will address the other, fully briefed arguments in respondents' motion to dismiss.

To summarize the procedural history in state court, petitioner did not appeal from the judgment of conviction. Petitioner did file a timely post-conviction habeas corpus petition in state court. Ex. 26 (#17). The district court denied the petition. Ex. 33 (#17). Petitioner filed a notice of appeal more than two years after the denial. Ex. 36 (#17). The Nevada Supreme Court dismissed the appeal, stating:

> Our review of this appeal reveals a jurisdictional defect. Specifically, the district court entered its order denying appellant's petition on January 11, 2006. The district court served notice of entry of that order on January 12, 2006. Appellant did not file the notice of appeal, however, until October 17, 2008, well after the expiration of the thirty-day appeal period prescribed by NRS 34.575. "[A]n untimely notice of appeal fails to vest jurisdiction in this court." Accordingly, we conclude that we lack jurisdiction to consider this appeal, and we ORDER this appeal DISMISSED.

Ex. 38, at 1-2 (footnote omitted, quoting Lozada v. State, 871 P.2d 944, 946 (Nev. 1994)) (#17).

Respondents argue that the all the grounds in the petition are procedurally defaulted because of the untimely appeal from the denial of the state habeas corpus petition. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986).

The court finds that the untimely appeal from the denial of petitioner's state habeas corpus petition was not a procedural default. The Nevada Supreme Court simply had no jurisdiction to consider the appeal, and the appeal was, in effect, a nullity. The decision on the state habeas corpus petition was final long before petitioner filed his notice of appeal.

Respondents also argue that all the grounds in the petition are unexhausted because of the untimely appeal from the denial of the state habeas corpus petition. Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

The court agrees with respondents. The Nevada Supreme Court had no jurisdiction to consider petitioner's appeal. Except for a rule that is inapplicable to this case, the Nevada Supreme Court had no authority to extend the time to appeal. Nev. R. App. P. 26(b)(1)(A). Petitioner tried to present his grounds to the Nevada Supreme Court through a method by which it could not reach the merits of the issues. Consequently, petitioner did not exhaust any of his grounds for relief. See Castille v. Peoples, 489 U.S. 346, 351 (1989). Even if petitioner's claim of actual innocence excuses the untimeliness of this action, the court still would need to dismiss the action for lack of exhaustion.[1]

---

[1] A dismissal for untimeliness is with prejudice, while a dismissal for lack of exhaustion is without prejudice. If petitioner succeeds with his actual-innocence argument, the court can always amend its judgment to reflect that the dismissal is without prejudice.

-4-

To appeal the denial of a petition for a writ of habeas corpus, Petitioner must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also James v. Giles, 221 F.3d 1074, 1077-79 (9th Cir. 2000). The court has reviewed the first amended petition (#16). For the purposes of this order, it is debatable whether the first amended petition states valid claims of the denial of petitioner's constitutional rights. Reasonable jurists might also find it debatable whether this court is correct in its ruling that petitioner's actual-innocence argument does not excuse the untimeliness of this action. Reasonable jurists would not find debatable the court's conclusion that the first amended petition (#16) is completely unexhausted. An untimely notice of appeal, which is how petitioner tried to present his grounds to the Nevada Supreme Court, does not give that court the opportunity to rule on the merits of those grounds. The court will grant a certificate of appealability on the issue of actual innocence, but not on the failure to exhaust.

Petitioner has submitted a motion to correct petitioner's name on caption (#41). Respondents do not oppose the motion, and the court will grant it.

IT IS THEREFORE ORDERED that petitioner's second motion for leave to conduct discovery and for court order to obtain requested documents and evidence (#40) is **DENIED**.

IT IS FURTHER ORDERED that petitioner's motion to correct petitioner's name on caption (#41) is **GRANTED**. The clerk of the court shall change petitioner's name in CM/ECF to "Hugo Israel Cahuec."

IT IS FURTHER ORDERED that this action is **DISMISSED** with prejudice as untimely. In the alternative, this action is **DISMISSED** without prejudice for petitioner's failure to exhaust his state-court remedies. The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **GRANTED** on the issue whether the court is correct in its determination that petitioner has not demonstrated actual innocence to excuse the untimeliness of this action.

Dated: This 29th day of March, 2013.

_____
ROBERT C. JONES
Chief United States District Judge