# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HUGO ISRAEL CAHUEC,<br><br>　　　　　　Petitioner,<br><br>　　vs.<br><br>GREGORY SMITH et al.,<br><br>　　　　　　Respondents. | 3:09-cv-00113-RCJ-RAM<br><br>**ORDER** |

　　　　Petitioner Hugo Cahuec is a prisoner in the custody of the Nevada Department of Corrections pursuant to conviction for sexual assault of a minor and kidnapping under Nevada law. Petitioner contends that his trial counsel was ineffective for advising him to accept a plea offer with minimal benefit and in light of weak evidence, for misrepresenting the terms of the plea agreement, and for failing to sufficiently investigate the case. In October 2010, the Court dismissed the First Amended Petition ("FAP") for untimeliness. The Court of Appeals reversed and remanded, because although the Court was correct when it ruled that a claim of actual innocence could not equitably toll the one-year statute of limitations under 28 U.S.C. § 2244(d), *see Lee v. Lampert (Lee I)*, 610 F.3d 1125, 1128–31 (9th Cir. 2010), the Court of Appeals had reversed the relevant precedent while the appeal from this Court's dismissal order was pending, *see Lee v. Lampert (Lee II)*, 653 F.3d 929, 932 (9th Cir. 2011) (en banc).

　　　　The Court of Appeals did not rule that Petitioner had shown actual innocence, but only that he was "entitled to an opportunity to make a credible showing of actual innocence." (*See* Mem. Op. 2, Mar. 29, 2012, ECF No. 37). The Court dismissed the FAP, finding that

Petitioner had not shown actual innocence.  The Court refused to consider a proffered statement from the victim's mother because it was hearsay that could not have been admitted at trial.  The Court also refused to subpoena the medical providers who had examined the victim, because although they might have been able to corroborate Petitioner's claim that he did not penetrate the victim and therefore could not have been found guilty of sexual assault, that would do nothing to cast doubt upon the victim's testimony (and Petitioner's admission) at the preliminary hearing that Petitioner had in fact touched the victim's genitalia in a way sufficient to support a conviction for lewdness with a minor—a charge that was dropped in exchange for the guilty pleas—and in the plea bargain context an actual innocence claim must indicate innocence not only of the offenses allocuted to but also to any offenses dismissed in exchange.  Nor would testimony of the medical providers provide any relevant evidence as to Petitioner's state of mind with respect to the touching.  The testimony of the medical providers, even assuming it would show what Petitioner claimed it would, would not have made it more likely than not that no reasonable juror could have found petitioner guilty of lewdness with a child under the age of fourteen (the charge dismissed pursuant to the plea agreement).  The Court contemporaneously issued a certificate of appealability.

Petitioner has asked the Court to reconsider because it did not hold an evidentiary hearing but relied on information already in the record.  Petitioner has also asked for leave to file a second amended petition.  The Court denies those motions.  The Court considered the actual innocence exception to the statute as instructed and found that the proffered evidence could not aid him.  The additional evidence proffered by Petitioner—that the victim did not believe the touching was sexual—would not have made it more likely than not that no reasonable juror could have found petitioner guilty of lewdness with a child under the age of fourteen.  A reasonable juror could conclude that the four-year-old child was lying out of shame or fear or had simply been too immature and/or trusting to comprehend the nature of or motivation behind Petitioner's

actions. A four-year-old child's putative testimony that a touching was "not sexual" would barely be relevant on the question at all (except as to pure mechanics), as a four-year-old child does not have the intellectual capability to recognize whether a touching is "sexual." And a child's testimony almost *ten years later*—after reaching an age at which the child can distinguish between sexual and non-sexual touching—recounting a incident occurring at age four is not likely to be very accurate on the question because the child must draw a conclusion of the other person's motivation based upon a vague memory from early childhood. The letter Petitioner adduces from the victim's father in fact recognizes that his daughter could not at the time of the incident tell the difference between sexual and non-sexual touching. That letter otherwise casts no doubt upon Petitioner's motivations but only confirms that the victim's father himself did not suspect a sexual assault. In summary, the victim's letter written at age thirteen that she did not perceive a touching that occurred at age four as sexually motivated is not very helpful to determining whether the touching was in fact sexually motivated. It is certainly not enough to show that it is more likely than not that no reasonable juror could have found Petitioner guilty.

The Court appreciates that the present case does not present an egregious example of the crimes charged., but a prosecutor has discretion to charge cases qualifying as offenses under the statute even if they are not textbook examples of the relevant offenses. Mitigation is relevant to sentencing, not conviction. A reasonable jury could have found Petitioner guilty of at least the dismissed charge.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions (ECF Nos. 47, 49) are DENIED.

IT IS SO ORDERED.

Dated this 20th day of March, 2014.

_____
ROBERT C. JONES
United States District Judge