# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HUGO ISRAEL CAHUEC, | Case No. 3:09-cv-00113-RCJ-RAM |
| Petitioner, | **ORDER** |
| v. | |
| GREGORY SMITH, et al., | |
| Respondents. | |

Before the court are petitioner's corrected motion for leave to file second amended petition (ECF No. 72), respondents' opposition (ECF No. 79), and petitioner's reply (ECF No. 84). The court grants petitioner's motion.

Petitioner seeks to add three new claims. First is a new ground 2(A). Petitioner claims that trial counsel failed to investigate and interview the victim and her father. Second is a new ground 6. Petitioner claims that the prosecution withheld the medical records of the victim and exculpatory statements from her and her family; petitioner thus pleaded guilty without knowing what was in those records. Third is a new ground 7, which is a freestanding claim of actual innocence. Respondents object to the amendment, but they do not persuade the court.

First, respondents argue that the court already has considered and rejected petitioner's actual-innocence claim. The court did hold that petitioner had not demonstrated a fundamental miscarriage of justice that would allow him to bypass the time bar of 28 U.S.C. § 2244(d)(1)(A).

1

ECF No. 49; ECF No. 54. However, since then the court of appeals has vacated the dismissal of this action to allow the court to consider petitioner's argument for a fundamental miscarriage of justice in light of the evidence later developed in state court. ECF No. 67. Additionally, assuming for the moment that a freestanding claim of actual innocence for a person not sentenced to death actually exists, the standard is different. Carriger v. Stewart, 132 F.3d 463, 476-79 (9th Cir. 1997).[1] A petitioner seeking to bypass the time bar of § 2244(d)(1) or a state-law procedural bar through a fundamental miscarriage of justice "must show that in light of all the evidence, including new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" Id. at 478 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). In contrast, a petitioner presenting a freestanding claim of actual innocence requires affirmative proof of innocence. Carriger, 132 F.3d at 476-77. The court's holding that petitioner has not demonstrated a fundamental miscarriage of justice no longer is in effect, and that holding relied upon different evidence and a different standard of review from the freestanding claim of actual innocence. It is no bar to adding a freestanding claim of actual innocence.

Second, respondents argue that petitioner himself disproves the claim in ground 2(A) that trial counsel failed to interview and investigate the victim and her father, because petitioner states that the victim's parents would not let current counsel speak with her until 2013. This is an argument on the merits, and it should be addressed in an answer, if the case comes to that. Respondents also argue that testimonies of these witnesses at the state-court evidentiary hearing show that the father's testimony was not helpful and that the victim's testimony was unreliable. This is an argument against a fundamental miscarriage of justice, which respondents would need to address in a motion to dismiss.

Third, respondents argue that the claims in ground 6 are speculative. The Nevada Supreme Court did hold that the claim regarding exculpatory statements was speculative. Ex. 99, at 3-4 (ECF No. 73-42, at 4-5). It also held that the claim regarding medical records were not

---

[1] Carriger notes that terminology can be confusing, because both the argument to bypass a procedural bar and the freestanding claim often are called "actual innocence." 132 F.3d at 477. The court uses the phrase "fundamental miscarriage of justice" for the argument to bypass a procedural bar, in the hope of lessening some of that confusion.

material. Id. These are arguments on the merits of the claims in ground 6, and respondents should address them in an answer, if the case comes to that.

Fourth, Respondents argue that the actual-innocence claim, ground 7 in the proposed second amended petition, is not exhausted. See 28 U.S.C. § 2254(b). Respondents argue that to the extent that petitioner did present an actual-innocence claim, it was for the purpose of demonstrating a miscarriage of justice. ECF No. 79, at 5-6. Other than citations to exhibits, ground 7 in the most recent state post-conviction habeas corpus petition, Ex. 58, at 38-39 (ECF No. 73, at 39-40), and ground 7 of the proposed second amended petition, ECF No. 72-1, at 40-42, are identical. Petitioner did not argue in ground 7 of the state petition that actual innocence excuses state-law procedural bars. Petitioner argued in ground 7 of the state petition that the state district court should grant the writ because he is actually innocent. Petitioner did present a freestanding actual innocence claim to the state district court.

Fifth, respondents argue that the ground is not exhausted because petitioner failed to appeal the denial of the claim. Petitioner filed in state district court a post-conviction habeas corpus petition that included a freestanding claim of actual innocence. Ex. 58, at 38-39 (ECF No. 73, at 39-40. The state district court ruled that multiple state procedural bars applied and that petitioner had not demonstrated a fundamental miscarriage of justice to bypass those procedural bars. Ex. 117 (ECF No. 74-5). Petitioner appealed. He argued that the state district court erred in dismissing the petition as procedurally barred and that the Nevada Supreme Court should remand the case to the state district court for a decision on the merits of all grounds. Ex. 122 (ECF No. 74-11). The Nevada Supreme Court affirmed the state district court's dismissal of the petition as procedurally barred. Ex. 128 (ECF No. 74-17).

Respondents do not persuade the court with their novel argument. This court always has considered the state courts' application of a state-law procedural bar to a ground to mean that the ground is exhausted but procedurally defaulted. In an appeal from the denial of a state petition as procedurally barred, petitioner does not need to argue both that the procedural bar was erroneous and the merits of the procedurally barred grounds. An argument on the merits would be mere surplus. If the Nevada Supreme Court ruled that the procedural bar was not erroneous, then it

3

never would reach the merits of the procedurally barred grounds. To the best of this court's knowledge, when the Nevada Supreme Court has found that the procedural bar <u>was</u> erroneous, it does not then dismiss the appeal because the appellant failed to argue the merits of his claims on appeal. Instead, the Nevada Supreme Court remands to the state district court for consideration of the merits of the claims.

Finally, respondents argue that they would be prejudiced by addition of a freestanding claim of actual innocence. They state, "Cahuec's presentation of a freestanding claim of actual innocence is unanticipated, particularly based upon the evidence adduced in state court." ECF No. 79, at 7. As noted above, ground 7 of the federal second amended petition is identical to ground 7 of the state petition. The freestanding claim of actual innocence is far from unanticipated.

Regardless of what grounds are in the operative petition, the court will need to evaluate whether petitioner can demonstrate a fundamental miscarriage of justice to bypass the time bar of 28 U.S.C. § 2244(d)(1) and the state-law procedural defaults. If petitioner can demonstrate a fundamental miscarriage of justice, then the grounds he seeks to add are exhausted, and no other procedural bars stop the court from considering the additional grounds on their merits. If petitioner cannot demonstrate a fundamental miscarriage of justice, then the court will dismiss the action regardless of what grounds petitioner has raised. For these and the above-stated reasons, the court will grant petitioner's motion for leave to amend.

Petitioner also has filed a motion for leave to file supplemental brief in opposition to motion to dismiss (ECF No. 70). This motion is moot because the court is granting petitioner leave to amend the petition. Respondents may file a new motion to dismiss the second amended petition, and thus supplemental briefing is unnecessary.

IT THEREFORE IS ORDERED that petitioner's motion for leave to file supplemental brief in opposition to motion to dismiss (ECF No. 70) is **DENIED** as moot.

IT FURTHER IS ORDERED that petitioner's corrected motion for leave to file second amended petition (ECF No. 72) is **GRANTED**. The clerk of the court shall file the second amended petition, currently in the docket at ECF No. 72-1.

IT THEREFORE IS ORDERED that respondents will have forty-five (45) days from the date of entry of this order to answer or otherwise respond to the second amended petition.

IT FURTHER IS ORDERED that if respondents file and serve an answer, then they must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner then will have forty-five (45) days from the date on which the answer is served to file a reply.

IT FURTHER IS ORDERED that if respondents file and serve a motion, then petitioner will have forty-five (45) days from the date of service of the motion to file a response to the motion. Respondents then will have twenty-one (21) days from the date of service of the response to file a reply.

DATED: March 29, 2019.

                                                ROBERT C. JONES
                                                United States District Judge